**Leon Simson**, OSB No. 753429
(Lead Attorney)
   Direct Dial:  503.802.2067
   Fax:  503.972.3767
   E-Mail:  leon.simson@tonkon.com
**Timothy J. Conway**, OSB No. 851752
   Direct Dial:  503.802.2027
   Fax:  503.972.3727
   E-Mail:  tim.conway@tonkon.com
**Haley B. Bjerk**, OSB No. 062760
   Direct Dial:  503.802.5765
   Fax:  503.972.7565
   E-Mail:  haley.bjerk@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099

        Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

McGrath's Publick Fish House, Inc.,

                    Debtor.

Case No. 10-60500-fra11

**DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION
(Dated June 8, 2010)**

**Page 1 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION
         (Dated June 8, 2010)**

## **<u>TABLE OF CONTENTS</u>**

ARTICLE 1  DEFINITIONS.................................................................3

ARTICLE 2  UNCLASSIFIED CLAIMS ................................................9

ARTICLE 3  CLASSIFICATION AND TREATMENT OF CLAIMS .................................10

ARTICLE 4  DISPUTED CLAIMS; OBJECTIONS TO CLAIMS....................................25

ARTICLE 5  IMPLEMENTATION OF THE PLAN..............................................26

ARTICLE 6  EXECUTORY CONTRACTS AND UNEXPIRED LEASES.........................28

ARTICLE 7  EFFECT OF CONFIRMATION .......................................................33

ARTICLE 8  MODIFICATION, REVOCATION OR WITHDRAWAL OF THE PLAN ....33

ARTICLE 9  RETENTION OF JURISDICTION ................................................34

ARTICLE 10  MISCELLANEOUS PROVISIONS................................................36

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

McGrath's Publick Fish House, Inc., as debtor and debtor-in-possession, proposes this First Amended Plan of Reorganization ("Plan") pursuant to Section 1121(a) of Title 11 of the United States Code.

## ARTICLE 1

## DEFINITIONS

Definitions of certain terms used in this Plan are set forth below. Other terms are defined in the text of this Plan or the text of the Disclosure Statement. In either case, when a defined term is used, the first letter of each word in the defined term is capitalized. Capitalized terms used and not defined in this Plan or the Disclosure Statement shall have the meanings given in the Bankruptcy Code or Bankruptcy Rules or otherwise as the context requires. The meanings of all terms shall be equally applicable to both the singular and plural, and masculine and feminine, forms of the terms defined. The words "herein," "hereof," "hereto," "hereunder" and others of similar import, refer to the Plan as a whole and not to any particular section, subsection or clause contained in the Plan. Captions and headings to articles, sections and exhibits are inserted for convenience of reference only and are not intended to be part of, or to affect the interpretation of, the Plan. The rules of construction set forth in Section 102 of the Bankruptcy Code shall apply. In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

1.1.    "Administrative Expense Claim" means any Claim entitled to the priority afforded by Sections 503(b) and 507(a)(2) of the Bankruptcy Code.

1.2.    "Agent" means John Mitchell, or his successor, who will (a) receive, hold and distribute payments received from the Debtor for the benefit of the holders of General Unsecured Claims described in Class 35 and (b) receive and hold the stock of the Debtor to secure the Interest holders guarantee that Debtor will pay the holders of Class 35 Claims at least a total of $1.5 million.

**Page 3 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

1.3.    "Allowance Date" means the date that a Claim is Allowed.

1.4.    "Allowed" means, with respect to any Claim, proof of which has been properly Filed or, if no Proof of Claim was so Filed, which was or hereafter is listed on the Schedules as liquidated in amount and not disputed or contingent, and, in either case, (a) a Claim as to which no objection to the allowance thereof, or motion to estimate for purposes of allowance, shall have been Filed on or before any applicable period of limitation that may be fixed by the Bankruptcy Code, the Bankruptcy Rules and/or the Bankruptcy Court, or (b) if an objection, or a motion to estimate for purposes of allowance, has been Filed, there has been a Final Order entered with regard to such objection or motion fixing the amount of such Claim.

1.5.    "Allowed Secured Claim" means an Allowed Claim that is secured by a Lien, security interest or other charge against or interest in property in which the Debtor has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of the interest of the holder of such Claim in the Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be.

1.6.    "Allowed Unsecured Claim" means an Allowed Claim that is not an Allowed Secured Claim, Administrative Expense Claim, Priority Tax Claim or Other Priority Claim.

1.7.    "Available Cash" At any particular time means all Cash Proceeds, including Unclaimed Cash that was originally disbursed pursuant to the Plan, and not designated as Reserved Funds.

1.8.    "Avoidance Actions" means all claims and causes of action of the Debtor or its estate arising under Chapter 5 of the Bankruptcy Code.

1.9.    "Bankruptcy Code" means the Bankruptcy Reform Act of 1978, as amended from time to time, set forth in Sections 101 et seq. of Title 11 of the United States Code.

1.10.    "Bankruptcy Court" means the United States Bankruptcy Court for the District of Oregon, or such other court that exercises jurisdiction over this Chapter 11 Case or any

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  proceeding therein, including the United States District Court for the District of Oregon, to

2  the extent that the reference to this Chapter 11 Case or any proceeding therein is withdrawn.

3      1.11.  "Bankruptcy Rules" means, collectively, the Federal Rules of Bankruptcy

4  Procedure, as amended and promulgated under Section 2075, Title 28, of the United States

5  Code, and the local rules and standing orders of the Bankruptcy Court.

6      1.12.  "Business Day" means a day other than a Saturday, Sunday or other day on

7  which banks in Portland, Oregon are authorized or required by law to be closed.

8      1.13.  "Cash" means lawful currency of the United States of America, funds held in

9  deposit or other accounts at financial institutions, and cash equivalents.

10      1.14.  "Chapter 11 Case" means the case under Chapter 11 of the Bankruptcy Code

11  with respect to the Debtor pending in the United States Bankruptcy Court for the District of

12  Oregon, administered as McGrath's Publick Fish House, Inc., Case No. 10-60500-fra11.

13      1.15.  "Claim" means (a) any right to payment from Debtor arising before the

14  Effective Date, whether or not such right is reduced to judgment, liquidated, unliquidated,

15  fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or

16  unsecured; or (b) any right to an equitable remedy against Debtor arising before the Effective

17  Date for breach of performance if such breach gives rise to a right of payment from Debtor,

18  whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent,

19  matured, unmatured, disputed, undisputed, secured or unsecured.  "Claim" shall exclude any

20  claim or right to payment of the kind specified in Sections 726(a)(4) and (5) of the

21  Bankruptcy Code.

22      1.16.  "Class" means one of the classes of Claims defined in Article 3 hereof.

23      1.17.  "Collateral" means any property in which Debtor has an interest that is subject

24  to a Lien or security interest securing the payment of an Allowed Secured Claim.

25      1.18.  "Confirmation Order" means the order of the Bankruptcy Court confirming

26  the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  1.19. "Creditor" means any entity holding a Claim against Debtor.

2  1.20. "Debtor" means McGrath's Publick Fish House, Inc., as Debtor and

3  Debtor-in-Possession in this Chapter 11 Case.

4  1.21. "Disclosure Statement" means the Debtor's Disclosure Statement as amended,

5  modified, restated or supplemented from time to time, pertaining to the Plan.

6  1.22. "Disputed Claim" means a Claim with respect to which a Proof of Claim has

7  been timely Filed or deemed timely Filed under applicable law, and as to which an objection

8  was timely Filed and has neither been withdrawn nor denied by a Final Order, or a Claim as

9  to which a Proof of Claim has not been Filed and which has been listed on Debtor's

10  Schedules as disputed, contingent of unliquidated and no Final Order has been entered

11  allowing such Claim in whole or in part.

12  1.23. "Effective Date" means the first Business Day after the Confirmation Order

13  becomes a Final Order.

14  1.24. "Filed" means filed with the Bankruptcy Court in this Chapter 11 Case or

15  other court of competent jurisdiction.

16  1.25. "Final Order" means an order or judgment entered on the docket by the Clerk

17  of the Bankruptcy Court or any other court exercising jurisdiction over the subject matter and

18  the parties (a) that has not been reversed, stayed, modified or amended; and (b) as to which

19  no stay is pending.

20  1.26. "General Unsecured Claim" means an Unsecured Claim that is not a Small

21  Unsecured Claim.

22  1.27. "Interests" means all rights of the owners of the issued and outstanding shares

23  of common stock of the Debtor.

24  1.28. "Lien" has the meaning defined in Section 101(37) of the Bankruptcy Code,

25  including liens held by taxing authorities.

26

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1.29.    "Loan Documents" means all documents executed by Debtor that evidence indebtedness owed by Debtor, including, without limitation, promissory notes, loan agreements, lease agreements, financing agreements, and related guaranties, as well as all related documents, including but not limited to documents evidencing the creation or perfection of Liens, such as deeds of trust, mortgages, security agreements and financing statements, as well as all amendments and modifications to any of the foregoing.

1.30.    "Net Cash Flow" means Debtor's net sale proceeds less (a) cost of goods sold, (b) labor, (c) operating expenses, (d) administrative expenses, (e) U.S. Trustee fees, and (f) debt service payments, all as more particularly described in Exhibit 1 attached hereto.

1.31.    "Other Priority Claim" means any Claim for an amount entitled to priority in right of payment under Section 507(a)(3), (4), (5), (6) or (7) of the Bankruptcy Code.

1.32.    "Petition Date" means February 3, 2010, the date on which the petition commencing this Chapter 11 Case was filed.

1.33.    "Plan" means this Plan of Reorganization, as amended, modified, restated or supplemented from time to time.

1.34.    "Potential Rejection Claim" means an undetermined and unliquidated Claim that would arise from the rejection of an executory contract or unexpired lease to which Debtor is a party or by which it is bound.

1.35.    "Priority Tax Claim" means a Claim of a governmental unit of the kind entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

1.36.    "Pro Rata" means the ratio of an Allowed Claim in a particular Class to the aggregate amount of all Allowed Claims in that Class.

1.37.    "Rejection Claim" means a Claim arising from the rejection of an unexpired lease or executory contract pursuant to this Plan or Final Order of the Bankruptcy Court.

1.38.    "Reorganized Debtor" means Debtor from and after the Effective Date.

**Page 7 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION
(Dated June 8, 2010)**

1.39.    "Reserved Funds" means, at any particular time, Cash equal to the aggregate of (a) the Cash in the Unpaid Claims Reserve Fund; and (b) the amount while in Reorganized Debtor's reasonable judgment is necessary to pay Allowed but unpaid Secured Claims, Priority Tax Claims, Other Priority Claims, and Administrative Expense Claims on the terms provided in the Plan.  Any Cash that does not constitute Reserved Funds shall be Available Cash.

1.40.    "Restated Articles of Incorporation" means the Restated Articles of Incorporation of the Debtor, which shall, among other things, modify and amend Debtor's Articles of Incorporation to prohibit the issuance of non-voting equity securities to the extent required by Section 1123(a)(6) of the Bankruptcy Code to be adopted effective as of the Effective Date.

1.41.    "Rights of Action" means any and all claims, demands, rights, actions, causes of suits, and suits of the Debtor or the estate, of any kind or character whatsoever, known or unknown, suspected or unsuspected, whether arising before, on or after the Petition Date, in contract or in tort, at law or in equity or under any theory of law, including, but not limited to (1) derivative claims, (2) rights of setoff, counterclaim, or recoupment, and claims on contract and for breaches of duties imposed by law, (3) the right to object to Claims or Interests, (4) claims pursuant to § 362 of the Bankruptcy Code, (5) such claims and defenses as fraud, mistake, duress, and usury, and (6) Avoidance Actions.

1.42.    "Schedules" means the Schedules of Assets and Liabilities and the Statement of Financial Affairs Filed by Debtor pursuant to Section 521 of the Bankruptcy Code, as amended, modified, restated or supplemented from time to time.

1.43.    "Secured Claim" means any Claim against Debtor held by any entity to the extent such Claim constitutes a secured Claim under Sections 506(a) or 1111(b) of the Bankruptcy Code.

**Page 8 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

1.44.    "Small Unsecured Claim" means an Unsecured Claim for an amount that is equal to or less than $2,500.

1.45.    "Unclaimed Cash" means Cash (together with any interest earned thereon) that is unclaimed by a Creditor following a distribution pursuant to the Plan and includes Cash attributable to (a) checks that have been returned as undeliverable without a proper forwarding address, (b) checks that have not been cashed within 90 days after the date such checks were mailed (whether or not distributed pursuant to the Plan), and (c) checks that were not mailed or delivered because of the absence of a proper address to which to mail or deliver such property.  Unclaimed Cash is Available Cash because Unclaimed Cash is not within the Unpaid Claims Reserve Fund and, therefore, is not within the definition of Reserved Funds.

1.46.    "Unpaid Claims Reserve Fund" at any particular time means the aggregate of: (a) Cash reserved for the benefit of holders of Disputed Claims; and (b) the Cash reserved for the benefit of holders of Potential Rejection Claims.

1.47.    "Unsecured Claim" means an unsecured Claim that is not an Administrative Claim, a Secured Claim, a Tax Claim or an Other Priority Claim.

1.48.    "Utility Deposits" means deposits with utilities made by Debtor after the Petition Date pursuant to Section 366(b) of the Bankruptcy Code.

## ARTICLE 2

## UNCLASSIFIED CLAIMS

2.1.    <u>Administrative Expense Claims</u>.  Each holder of an Allowed Administrative Expense Claim shall be paid in full from Available Cash within sixty (60) days after the Effective Date or within five (5) days after the Allowance Date, whichever is later, unless such holder shall in writing agree to a different treatment of such Claim (including, without limitation, any different treatment that may be provided for in any documentation, statute or regulation governing such Claim); provided, however, that Administrative Expense Claims

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  representing obligations incurred in the ordinary course of business by Debtor during this

2  Chapter 11 Case shall be paid by Debtor in the ordinary course of business and in accordance

3  with any terms and conditions of the particular transaction and any agreements relating

4  thereto.

5      2.2.   <u>Priority Tax Claims</u>.  Each holder of an Allowed Priority Tax Claim shall be

6  paid by the Reorganized Debtor the full amount of its Allowed Priority Tax Claim within

7  sixty (60) days after the Effective Date or within five (5) days after the Allowance Date,

8  whichever is later.

9      2.3.   <u>Other Priority Claims</u>.  Each holder of an Allowed Other Priority Claim shall

10  be paid by the Reorganized Debtor the full amount of its Allowed Other Priority Claim

11  within sixty (60) days after the Effective Date or within five (5) days after the Allowance

12  Date, whichever is later.

13      2.4.   <u>Bankruptcy Fees</u>.  Fees payable by Debtor under 28 USC § 1930, or to the

14  Clerk of the Bankruptcy Court, will be paid in full in Cash within ten (10) days after the

15  Effective Date.  Thereafter, the Reorganized Debtor shall continue to pay quarterly fees of

16  the Office of the United States Trustee and to file quarterly reports with the Office of the

17  United States Trustee until this case is closed by the Court, dismissed or converted.  This

18  requirement is subject to any amendments to 28 USC § 1930(a)(6) that Congress makes

19  retroactively applicable to confirmed Chapter 11 cases.

20  **ARTICLE 3**

21  **CLASSIFICATION AND TREATMENT OF CLAIMS**

22      For purposes of this Plan, Claims (except those treated under Article 2 of the

23  Plan) are classified and will be treated as provided below.  A Claim is classified in a

24  particular Class only to the extent that such Claim qualifies within the description of such

25  Class, and is classified in a different Class to the extent that such Claim qualifies within the

26  description of such different Class.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    Class 1 consists of the Allowed Secured Claim of GE CFBP in the amount of

2  $1,124,800 as of the Petition Date secured by its Lien against the real estate improvements

3  and restaurant equipment and furniture at Debtor's restaurant located at 3805 Center Street

4  NE at Lancaster Mall in Salem, Oregon ("Store 2").  The Class 1 Claim will be paid in equal

5  monthly installments of $14,621, including principal and interest at 8.90%.  The first such

6  monthly payment will be paid within the first ten (10) days of the first full month following

7  the Effective Date.  Each subsequent monthly payment will be paid within the first ten (10)

8  days of each subsequent calendar month until the Class 1 Claim is paid in full.  GE CFBP

9  will retain its Lien on the Collateral until the Class 1 Claim is paid in full.

10    Class 2 consists of the Allowed Secured Claim of Key Equipment Finance in

11  the amount of $575,933 as of the Petition Date secured by its Lien against Debtor's furniture,

12  fixtures and equipment at the restaurant located at 350 Circle Boulevard in Corvallis, Oregon

13  ("Store 6").  The Class 2 Claim will be paid in equal monthly installments of $6,479.83,

14  including principal and interest at 6%.  The first such monthly payment will be paid within

15  the first ten (10) days of the first full month following the Effective Date.  Each subsequent

16  monthly payment will be paid within the first ten (10) days of each subsequent calendar

17  month until the Class 2 Claim is paid in full.  Key Equipment Finance will retain its Lien on

18  the Collateral until the Class 2 Claim is paid in full.

19    Class 3 consists of the Allowed Secured Claim of KeyBank in the amount of

20  $1,383,590 as of the Petition Date secured by its Lien against Debtor's real property at the

21  restaurant located at 68 E Stewart Avenue in Medford, Oregon ("Store 7").  The Class 3

22  Claim will be amortized over 15 years with interest at 6% per annum.  The Class 3 Claim

23  will be paid in equal monthly installments of $12,100 which include principal and interest.

24  The first such monthly payment will be paid within the first ten (10) days of the first full

25  month following the Effective Date.  Each subsequent monthly payment will be paid within

26  the first ten (10) days of each subsequent calendar month until the fifth anniversary of the

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  first monthly payment at which time the then remaining unpaid balance shall be paid in full.

2  KeyBank will retain its Lien on the Collateral until the Class 3 Claim is paid in full.

3          Class 4 consists of the Allowed Secured Claim of Sterling in the amount of

4  $4,800,000 secured by a senior Lien against Debtor's real and personal property at the

5  restaurant located at 12501 SE Second Circle in Vancouver, Washington ("Store 9"), and a

6  junior Lien on Debtor's real property and fixtures and a senior Lien against the equipment

7  and furniture at Store 7, and a senior Lien against Debtor's real and personal property at the

8  restaurant located at 10435 W Colfax Drive in Lakewood, Colorado ("Store 20").  The Class

9  4 Claim will be paid as follows:

10          (a)     $2,700,000 of the Class 4 Claim will be amortized over twenty (20)

11  years with interest at 6% per annum.  This portion of the Class 4 Claim will be paid in sixty

12  (60) equal installments of principal and interest of $19,344.  The first such monthly payment

13  will be paid within the first ten (10) days of the first full month following the Effective Date.

14  Each subsequent monthly payment will be paid within the first ten (10) days of each

15  subsequent calendar month until the fifth anniversary of the first monthly payment at which

16  time the then remaining unpaid balance shall be paid in full.  This $2,700,000 obligation will

17  be evidenced by a promissory note and secured by a first Lien against the real property and a

18  second Lien against the personal property at Store 9;

19          (b)     $400,000 of the Class 4 Claim will be amortized over twenty (20)

20  years with interest at 6% per annum.  This portion of the Class 4 Claim will be paid in equal

21  installments of principal and interest of $2,865.80.  The first such monthly payment will be

22  paid within the first ten (10) days of the first full month following the Effective Date.  Each

23  subsequent monthly payment will be paid within the first ten (10) days of each subsequent

24  calendar month until the fifth anniversary of the first monthly payment at which time the then

25  remaining unpaid balance shall be paid in full.  This $400,000 obligation will be evidenced

26

**Page 12 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
        **(Dated June 8, 2010)**

by a promissory note and secured by a junior Lien against the real property and a senior Lien against the equipment and furniture at Store 7; and

(c) $1,700,000 of the Class 4 Claim will be satisfied by either a sale of Store 20 on terms satisfactory to Sterling or by granting a deed in lieu of foreclosure conveying Store 20 to Sterling.  Debtor will list and attempt to sell Store 20 for a period of six (6) months following the Effective Date.  If Store 20 is sold, $1,700,000 of the Class 4 Claim will be deemed satisfied.  If Store 20 does not sell within the six (6) month period, the Reorganized Debtor will deliver to Sterling a deed in lieu of foreclosure conveying Store 20 to Sterling in satisfaction of $1,700,000 of the Class 4 Claim.  Debtor will continue to operate Store 20 during the period that it is being offered for sale.  Any positive Net Cash Flow that results from operations during the sale period will be paid first towards satisfaction of the tax Liens that encumber Store 20, and then to Sterling to reduce the Class 4 Claim. This $1,700,000 obligation will be evidenced by a non-interest bearing promissory note and secured by a deed of trust against the assets of Store 20.

Class 5 consists of the Allowed Secured Claim of SBA in the amount of $95,000 secured by its senior Lien against Debtor's personal property and equipment at Store 9, and its junior Lien against Debtor's personal property and equipment at Store 20.  The Class 5 Claim will be paid in sixty (60) equal monthly installments of $1,831.98 including principal and interest at 5.895% per annum.  The first such monthly payment will be paid within the first ten (10) days of the first full month following the Effective Date.  Each subsequent monthly payment will be paid within the first ten (10) days of each subsequent calendar month until the Class 5 Claim is paid in full.  SBA will retain its Lien on the Collateral at Store 9 until the Class 5 Claim is paid in full, but its Lien on the Collateral at Store 20 shall be extinguished on the Effective Date to facilitate the sale of Store 20.

Class 6 consists of the Allowed Secured Claim of KeyBank in an amount equal to the value of Debtor's interest in the building and improvements located at 860 West

1 1250 South in Orem, Utah ("Store 10"), which amount is uncertain but is less than the

2 balance owing to KeyBank.  The Class 6 Claim is secured by a Lien against such building

3 and improvements.  The Class 6 Claim will be satisfied by Debtor's sale of its interest in the

4 building and improvements at Store 10 and the payment of the proceeds up to the amount of

5 the Class 6 Claim, or the conveyance of Debtor's interest in such property, to KeyBank.

6       Class 7 consists of the Allowed Secured Claim of Key Equipment Finance in

7 an amount equal to the value of Debtor's fixtures and equipment at Store 10, which amount is

8 uncertain but is less than the balance owing to Key Equipment Finance.  The Class 7 Claim is

9 secured by a Lien against such fixtures and equipment.  The Class 7 Claim will be satisfied

10 by Debtor's sale of its interest in the fixtures and equipment at Store 10 and the payment of

11 the proceeds up to the amount of the Class 7 Claim, or the conveyance of such property, to

12 Key Equipment Finance.

13       Class 8 consists of the Allowed Secured Claim of KeyBank in the amount of

14 $637,500 secured by a Lien on Debtor's interest in the real property at the restaurant located

15 at 10950 S. State Street in Sandy, Utah ("Store 11").  The Class 8 Claim will be paid in equal

16 monthly installments of $5,843.75, including principal and interest at 6%.  The first such

17 monthly payment will be paid within the first ten (10) days of the first full month following

18 the Effective Date.  Each subsequent monthly payment will be paid within the first ten (10)

19 days of each subsequent calendar month until the Class 8 Claim is paid in full.  KeyBank will

20 retain its Lien on the Collateral until the Class 8 Claim is paid in full.

21       Class 9 consists of the Allowed Secured Claim of Key Equipment Finance in

22 the amount of $112,500 secured by a Lien on Debtor's fixtures and equipment at Store 11.

23 The Class 9 Claim will be paid in equal monthly installments of $2,437.50, including

24 principal and interest at 6%.  The first such monthly payment will be paid within the first ten

25 (10) days of the first full month following the Effective Date.  Each subsequent monthly

26 payment will be paid within the first ten (10) days of each subsequent calendar month until

**Page 14 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  the Class 9 Claim is paid in full.  Key Equipment Finance will retain its Lien on the

2  Collateral until the Class 9 Claim is paid in full.

3          Class 10 consists of the Allowed Secured Claim of Key Equipment Finance

4  secured by a Lien on Debtor's personal property at the restaurant located at 190 South 400

5  West in Salt Lake City, Utah ("Store 12").  The Class 10 Claim has been satisfied by Debtor's

6  surrender of its personal property to Key Equipment Finance.

7          Class 11 consists of the Allowed Secured Claim of US Bank in the amount of

8  $860,902 secured by a Lien on Debtor's interest in the real property at the restaurant located

9  at 908 Main Street in Layton, Utah ("Store 13").  Debtor will list for sale its interest in the

10  real property (together with its interest in the furniture, fixtures and equipment) through

11  December 1, 2010, or such further period as may be agreed upon by Debtor, US Bank and

12  US Bancorp.  During the listing period Debtor will operate Store 13.  Debtor will not be

13  obligated to make any debt service payments during the listing period.  Net Cash Flow

14  derived from operations during the listing period will be used to pay taxes which are the

15  delinquent part of the rent owing to the landlord of Store 13.  Proceeds from the sale of Store

16  13 will be used first to pay the Class 11 Claim as well as the Class 12 Claim described below.

17  If Store 13 is sold for less than the total amount of the Class 11 and Class 12 Claims, that

18  portion of the purchase price attributable to Debtor's interest in the real property will be

19  deemed to satisfy the Class 11 Claim in full.  If Store 13 is not sold during the listing period,

20  Store 13 will be included as part of the Reorganized Debtor.  The Class 11 Claim will be

21  amortized over twenty (20) years at interest at 6% per annum and paid in equal monthly

22  installments of $6,167.77 which includes principal and interest.  The first such monthly

23  payment will be paid within ten (10) days of the first full month following the expiration of

24  the listing period.  Each subsequent monthly payment will be paid within the first ten (10)

25  days of each subsequent month until the seventh anniversary of the first payment at which

26

**Page 15 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  time the then remaining unpaid balance will be paid in full.  US Bank will retain its Lien on

2  the Collateral until the Class 11 Claim is paid in full.

3            Class 12 consists of the Allowed Secured Claim of US Bancorp in the amount

4  of $198,050 secured by a Lien on Debtor's furniture, fixtures, equipment and personal

5  property at Store 13.  Debtor will list for sale its interest in the furniture, fixtures and

6  equipment (together with the real property) through December 1, 2010, or such further period

7  as may be agreed upon by Debtor, US Bank and US Bancorp.  During the listing period

8  Debtor will operate Store 13.  Debtor will not be obligated to make any debt service

9  payments during the listing period.  Net Cash Flow derived from operations during the listing

10  period will be used to pay taxes which are the delinquent part of the rent owing to the

11  landlord of Store 13.  Proceeds from the sale of Store 13 will be used first to pay the Class 12

12  Claim as well as the Class 11 Claim described above.  If the proceeds from the sale of Store

13  13 are insufficient to pay the Class 12 Claim in full the holder of the Class 12 Claim will be

14  entitled to a deficiency claim to be paid as discussed in the treatment of the Class 35 Claim

15  below.  If Store 13 is not sold during the listing period, Store 13 will be included as part of

16  the Reorganized Debtor.  The Class 12 Claim will be paid with interest at 6.6% per annum

17  and paid in equal monthly installments of $1,558.62 which includes principal and interest.

18  The first such monthly payment will be paid within ten (10) days of the first full month

19  following the expiration of the listing period.  Each subsequent monthly payment will be paid

20  within the first ten (10) days of each subsequent month until the seventh anniversary of the

21  first payment at which time the then remaining unpaid balance will be paid in full.  US

22  Bancorp will retain its Lien on the Collateral until the Class 12 Claim is paid in full.

23            Class 13 consists of the Allowed Secured Claim of Maricopa County,

24  Arizona, in the amount of $8,118.20, secured by its Lien against Debtor's personal property

25  and equipment at the restaurant located at 1610 South Stapley Drive in Mesa, Arizona

26  ("Store 14").  As discussed below in the treatment of the Class 14 Claim, Debtor will list

**Page 16 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  Store 14 for sale through December 1, 2010, or such further time as may be agreed between

2  Debtor, US Bank and US Bancorp.  Maricopa County will retain its Lien, and all rights

3  relating thereto, against the personal property and equipment following the Effective Date.

4         Class 14 consists of the Allowed Secured Claim of US Bancorp which amount

5  is uncertain but is less than the amount owing to US Bancorp, secured by a Lien against

6  various items of furniture, fixtures, equipment and personal property at Store 14.  Debtor will

7  list for sale its interest in the furniture, fixtures, equipment and personal property (and

8  Debtor's affiliate, McGrath-Marshall LLC, will list the real property at Store 14 which is US

9  Bank's Collateral) through December 1, 2010.  After December 1, 2010, Debtor (and

10  McGrath-Marshall LLC) will confer with US Bancorp and US Bank regarding alternatives

11  and will take such action as US Bank and US Bancorp require as long as it does not cause

12  economic hardship to Debtor or Reorganized Debtor.  During the listing period Debtor and

13  Reorganized Debtor will operate Store 14.  No debt service payments will be required during

14  the listing period.  Net Cash Flow, if any, derived from operations during the listing period

15  will be used to pay taxes owing to Maricopa County, Arizona.  After payment of senior

16  Liens, if any, proceeds from the sale of Store 14 will be allocated proportionally between US

17  Bank and US Bancorp based on the amount of debt related to Store 14 owing to each.

18  Debtor or Reorganized Debtor may cease operating and close Store 14 during the listing

19  period if the financial results of operations create an economic hardship for Debtor or

20  Reorganized Debtor.  US Bancorp will retain its Lien on the Collateral until the Class 14

21  Claim is paid in accordance with this Plan.

22         Class 15 consists of the Allowed Secured Claim of US Bank in the amount of

23  $936,900 as of the Petition Date secured by a Lien on Debtor's interest in the real property at

24  the restaurant located at 3211 SW Cedar Hills Boulevard in Beaverton, Oregon ("Store 15").

25  The Class 15 Claim will be paid in equal monthly installments of $8,787.23, including

26  principal and interest at a floating rate equal to US Bank's prime rate plus 1.5% with a floor

**Page 17 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
          **(Dated June 8, 2010)**

1 of 4.75% and a cap of 8%. The first such monthly payment will be paid within the first ten

2 (10) days of the first full month following the Effective Date. Each subsequent monthly

3 payment will be paid within the first ten (10) days of each subsequent calendar month until

4 the tenth anniversary of the Effective Date at which time the then remaining unpaid balance

5 shall be paid in full. US Bank will retain its Lien on the Collateral until the Class 15 Claim is

6 paid in full.

7        Class 16 consists of the Allowed Secured Claim of US Bancorp in the amount

8 of $402,771 as of the Petition Date secured by a Lien on Debtor's furniture, fixtures,

9 equipment and personal property at Store 15. On the Effective Date, Debtor will pay

10 approximately $17,000 to pay the past due interest on the Class 16 Claim. The Class 16

11 Claim will be paid in equal monthly installments of $7,833.60, including principal and

12 interest at a floating rate equal to US Bank's prime rate plus 1.5% with a floor of 4.75% and a

13 cap of 8%. The first such monthly payment will be paid within the first ten (10) days of the

14 first full month following the Effective Date. Each subsequent monthly payment will be paid

15 within the first ten (10) days of each subsequent calendar month until the fifth anniversary of

16 the Effective Date at which time the then remaining unpaid balance shall be paid in full. US

17 Bancorp will retain its Lien on the Collateral until the Class 16 Claim is paid in full.

18        Class 17 consists of the Allowed Secured Claim of Snohomish County,

19 Washington, in the amount of $6,791.49 and secured by a Lien on Debtor's personal property

20 at the restaurant located at 3000 184th St SW, Suite 870 in Lynnwood, Washington ("Store

21 17"). Snohomish County will retain its Lien on Debtor's personal property following the

22 Effective Date.

23        Class 18 consists of the Allowed Secured Claim of GE Capital Franchise

24 Finance Corp., secured by a Lien on Debtor's personal property at Store 17. The Class 18

25 Claim has been satisfied by surrender of the personal property to GE Capital Franchise

26 Finance Corp.

**Page 18 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION
(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    Class 19 consists of the Allowed Secured Claim of Maricopa County,

2    Arizona, in the amount of $11,133.58 and secured by a Lien on Debtor's personal property

3    and equipment at the restaurant located at 7000 East Mayo Blvd, Building #5 in Phoenix,

4    Arizona ("Store 18").  Maricopa County will retain its Lien, and all rights relating thereto,

5    against the personal property and equipment following the Effective Date.

6    Class 20 consists of the Allowed Secured Claim of KeyBank, in an amount

7    equal to the value of Debtor's interest in the building and improvements at Store 18, which

8    amount is uncertain but is less than the balance owing to KeyBank.  The Class 20 Claim is

9    secured by a Lien against such building and improvements.  The Class 20 Claim will be

10    satisfied by Debtor's sale of its interest in the building and improvements at Store 18, and

11    after payment of senior Liens the payment of the proceeds up to the amount of the Claim 20

12    Claim, or the conveyance of its interest in such property, to KeyBank.

13    Class 21 consists of the Allowed Secured Claim of General Electric Capital

14    Corporation secured by a Lien on Debtor's furniture, fixtures, equipment and personal

15    property at Store 18.  The Class 21 Claim has been satisfied by surrender of the furniture,

16    fixtures, equipment and personal property to General Electric Capital Corporation.

17    Class 22 consists of the Allowed Secured Claim of Maricopa County, Arizona

18    in the amount of $36,155.30 and secured by a Lien on Debtor's interest in real property at the

19    restaurant located at 1800 North Litchfield Road in Goodyear, Arizona ("Store 19").

20    Maricopa County will retain its Lien, and all rights relating thereto, against the real property

21    following the Effective Date.

22    Class 23 consists of the Allowed Secured Claim of Maricopa County, Arizona

23    in the amount of $12,470.99 and secured by a Lien on Debtor's personal property and

24    equipment at Store 19.  Maricopa County will retain its Lien, and all rights relating thereto,

25    against the personal property and equipment following the Effective Date.

26

**Page 19 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1       Class 24 consists of the Allowed Secured Claim of Arizona Business Bank in

2   an amount which is equal to Debtor's interest in the real property, inventory, building

3   materials and general intangibles related to the property at Store 19, which amount is

4   uncertain but is less than the balance owing to Arizona Business Bank.  The Class 24 Claim

5   is secured by a senior Lien on Debtor's real property, inventory, building materials and

6   general intangibles and a junior Lien on Debtor's furniture, fixtures and equipment at Store

7   19.  Debtor will list for sale its interest in the real property and inventory (together with the

8   furniture, fixtures and equipment which are the Collateral of GECC as described below).

9   During the listing period Debtor and Reorganized Debtor will operate Store 19.  No debt

10  service payments will be required during the listing period.  After payment of senior Liens,

11  proceeds from the sale of Store 19 will be used to pay the Class 24 Claim as well as the Class

12  25 Claim described below.  If a sale of the assets of Store 19 includes only Arizona Business

13  Bank's Collateral, and not GECC's Collateral, then Arizona Business Bank and GECC shall

14  negotiate a period of time, not less than thirty (30) days, within which GECC may sell its

15  Collateral at Store 19.  Arizona Business Bank will retain its Lien on its Collateral until the

16  Class 24 Claim is paid.

17      Class 25 consists of the Allowed Secured Claim of GECC secured by a senior

18  Lien on Debtor's furniture, fixtures and equipment related to the property at Store 19, which

19  amount is uncertain but is less than the balance owing to GECC.  Debtor will list for sale its

20  interest in the furniture, fixtures and equipment (together with the real property).  During the

21  listing period Debtor and Reorganized Debtor will operate Store 19.  No debt service

22  payments will be required during the listing period.  After payment of senior Liens, proceeds

23  from the sale of Store 19 will be used first to pay the Class 25 Claim as well as the Class 24

24  Claim described above.  GECC will retain its Lien on its Collateral until the Class 25 Claim

25  is paid.

26

**Page 20 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1   　　　　Class 26 consists of the Allowed Secured Claim of Jefferson County,

2   Colorado, secured by a Lien on Debtor's real property at the restaurant located at 14035 West

3   Colfax Drive in Lakewood, Colorado ("Store 20").  Jefferson County will retain its Lien on

4   Debtor's real property following the Effective Date.

5   　　　　Class 27 consists of the Allowed Secured Claim of Jefferson County,

6   Colorado, secured by a Lien on Debtor's personal property and equipment at Store 20.

7   Jefferson County will retain its Lien on Debtor's personal property and equipment following

8   the Effective Date.

9   　　　　Class 28 consists of the Allowed Secured Claim of GE CBFP in the amount of

10   $490,000 secured by a senior Lien on Debtor's real property and a junior Lien on Debtor's

11   equipment and personal property at the restaurant located at 1911 South 320th Street in

12   Federal Way, Washington ("Store 21").  The Class 28 Claim will be amortized over ten (10)

13   years and paid in equal monthly installments of $5,440.00, including principal and interest at

14   6.00% per annum.  The first such monthly payment will be paid within the first ten (10) days

15   of the first full month following the Effective Date.  Each subsequent monthly payment will

16   be paid within the first ten (10) days of each subsequent calendar month until the seventh

17   anniversary of the Effective Date at which time the then remaining unpaid balance shall be

18   paid in full.  GE CBFP will retain its Lien on the Collateral until the Class 28 Claim is paid

19   in full.

20   　　　　Class 29 consists of the Allowed Secured Claim of GECC in the amount of

21   $245,000 secured by a senior Lien on Debtor's personal property and equipment at Store 21.

22   The Class 29 Claim will be amortized over ten (10) years and paid in equal monthly

23   installments of $2,720.00, including principal and interest at 6% per annum.  The first such

24   monthly payment will be paid within the first ten (10) days of the first full month following

25   the Effective Date.  Each subsequent monthly payment will be paid within the first ten (10)

26   days of each subsequent calendar month until the seventh anniversary of the Effective Date at

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  which time the then remaining unpaid balance shall be paid in full.  GECC will retain its Lien

2  on the Collateral until the Class 29 Claim is paid in full.

3         Class 30 consists of the Allowed Secured Claim of Bank of the West in the

4  amount of $15,000.00 secured by a Lien on Debtor's point of sale equipment located at Store

5  21.  The Class 30 Claim will be amortized over ten (10) years and paid in equal monthly

6  installments of $185.50, including principal and interest at 8.44%.  The first such monthly

7  payment will be paid within the first ten (10) days of the first full month following the

8  Effective Date.  Each subsequent monthly payment will be paid within the first ten (10) days

9  of each subsequent calendar month until the seventh anniversary of the Effective Date at

10  which time the then remaining unpaid balance shall be paid in full.  Bank of the West will

11  retain its Lien on the Collateral until the Class 30 Claim is paid in full.

12         Class 31 consists of the Allowed Secured Claim of US Bank in the amount of

13  $56,811.00 as of the Petition Date secured by a Lien on Debtor's furnishings, fixtures,

14  equipment and leasehold improvements at Store 99, Debtor's headquarters located at 1935

15  Davcor Street SE in Salem, Oregon.  The Class 31 Claim will be paid in equal monthly

16  installments of $1,747.82, including principal and interest at 6.44%.  The first such monthly

17  payment will be paid within the first ten (10) days of the first full month following the

18  Effective Date.  Each subsequent monthly payment will be paid within the first ten (10) days

19  of each subsequent calendar month until the Class 31 Claim is paid in full.  US Bank will

20  retain its Lien on the Collateral until the Class 31 Claim is paid in full.

21         Class 32 consists of the Allowed Secured Claim of GreatAmerica Leasing

22  Corp. in the amount of $31,800 as of the Petition Date secured by a Lien on Debtor's

23  computer equipment which enables credit card processing at restaurants located at six

24  Oregon locations.  The Class 32 Claim will be paid in equal monthly installments of $1,800,

25  including principal and interest at 9.99%.  The first such monthly payment will be paid

26  within the first ten (10) days of the first full month following the Effective Date.  Each

**Page 22 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1   subsequent monthly payment will be paid within the first ten (10) days of each subsequent

2   calendar month until the Class 32 Claim is paid in full.  GreatAmerica Leasing Corp will

3   retain its Lien on the Collateral until the Class 32 Claim is paid in full.

4          Class 33 consists of the Allowed Secured Claim of US Bank, which US Bank

5   asserts is equal to $985,937.11 arising from its set-off rights against the cash in Debtor's bank

6   accounts at US Bank as of the Petition Date.  Debtor will satisfy the Class 33 Claim as

7   follows:

8          (a)    Debtor's agreement, as set forth above, that if Store 13 does not sell for

9   an amount sufficient to pay the Class 11 and Class 12 Claims in full, or for an amount

10  otherwise satisfactory to US Bank, Debtor will operate Store 13 and treat the Class 11 and

11  Class 12 Claims as provided above;

12         (b)    Debtor's agreement to pay on the Effective Date approximately

13  $17,000 to satisfy past due interest relating to Class 15 Claim and $20,000 to cure

14  delinquencies on the Class 31 Claim;

15         (c)    Debtor's agreement to grant to US Bank a junior deed of trust on Store

16  99 to secure up to $425,000 of (i) US Bank's claim arising from Debtor's guarantee to satisfy

17  any deficiency arising from the sale of Store 14, and (ii) any claim US Bank may have as a

18  result of Debtor's failure to treat the Class 11 Claim as provided herein;

19         (d)    the claims described in (c)(i) and (ii) above will not bear interest and

20  Debtor will have no obligation to make any payment on account of such claims until the fifth

21  anniversary of the Effective Date; and

22         (e)    Debtor will maintain its bank accounts at US Bank and at all times

23  maintain a minimum aggregate collected deposits not less than $250,000 to further secure

24  Debtor's obligation to pay up to $425,000 of the claims described in (c)(i) and (ii) above.

25  ///

26  ///

**Page 23 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1     Class 34 consists of the Allowed Claims of each holder of a Small Unsecured

2 Claim. Each holder of a Class 34 Claim will be paid an amount equal to 20% of such claim

3 within sixty (60) days after the Effective Date.

4     Class 35 consists of the holders of General Unsecured Claims not included in

5 Class 34. The holders of the Class 35 Claims will receive a total of six (6) semi-annual

6 payments, allocated on a Pro Rata basis to each holder. Each semi-annual payment shall be

7 equal to 60% of Reorganized Debtor's Net Cash Flow during the applicable six month period.

8 The total of the six payments made by Reorganized Debtor must equal not less than $1.5

9 million. The first semi-annual payment will be made ninety (90) days after the conclusion of

10 the first six (6) full calendar months following the Effective Date of this Plan. Each

11 subsequent semi-annual payment shall be made on each of the next five (5) six-month

12 anniversaries of the date of the first payment. If the total of the six semi-annual payments is

13 less than $1.5 million, Reorganized Debtor shall pay an amount equal to the difference

14 between $1.5 million and the sum of the six (6) semi-annual payments at the same time that

15 Reorganized Debtor makes the last semi-annual payment.

16     Debtor believes that Net Cash Flow available to General Unsecured Creditors

17 will be approximately $1,850,000, which is equal to approximately 12% or 13% of the total

18 Class 35 Claims. Further, Debtor believes that approximately $450,000 of the $1,850,000

19 will be distributed during the first year of the Plan, approximately $650,000 during the

20 second year of the Plan, and approximately $750,000 will be distributed during the third

21 year.

22     Net Cash Flow will be calculated as set forth in Exhibit 1. Reorganized

23 Debtor's accountants, currently AKT LLP, will calculate Reorganized Debtor's Net Cash

24 Flow on a semi-annual basis. An amount equal to 60% of Reorganized Debtor's Net Cash

25 Flow will be deposited every six (6) months into a designated account held by the Agent.

26 Prior to the distributions of each semi-annual payment to the holders of the Class 35 Claims,

**Page 24 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1   AKT LLP may review and require Reorganized Debtor to adjust the amount in the account to

2   ensure that such amount accurately reflects 60% of Reorganized Debtor's total Net Cash

3   Flow for the applicable six (6) month period.  The Agent will distribute the funds in the

4   account to the holders of the Class 35 Claim on a Pro Rata basis every six (6) months.  A

5   detailed report summarizing the calculation of Net Cash Flow will be available to holders of

6   Class 35 Claims upon written request to Reorganized Debtor.  The Plan provides that the

7   Bankruptcy Court will retain jurisdiction to resolve disputes relating to the calculation of Net

8   Cash Flow.

9        Class 36 consists of the holders of Interests in Debtor.  The holders of such

10  Interests will retain their Interests following the Effective Date; provided however that the

11  holders of Interests shall grant a security interest in all of the stock of Reorganized Debtor to

12  the Agent for the benefit of the holders of the Class 35 Claims, to secure the Interest holders

13  non-recourse guarantee that Reorganized Debtor will pay at least $1.5 million to the holders

14  of Class 35 Claims.

15       The holders of Claims in Classes 10, 13, 17, 18, 19, 22, 23, 26, 27 and 31 are

16  unimpaired.  The holders of Claims for Classes 1-9, 11, 12, 14, 15, 16, 20, 21, 24, 25, 28, 29,

17  30, 32, 33, 34, 35 and 36 are impaired.

18                              **ARTICLE 4**

19              **DISPUTED CLAIMS; OBJECTIONS TO CLAIMS**

20       4.1.   Disputed Claims; Objections to Claims.  Only holders of Claims that are

21  Allowed Claims and not subject to an action described in 11 U.S.C. § 502(d) shall be

22  entitled to distributions under the Plan.  Debtor reserves the right to contest and object to

23  any Claims and previously scheduled amounts, including, without limitation, those

24  Claims and scheduled amounts that are specifically referenced herein, are not listed in the

25  Schedules, are listed therein as disputed, contingent and/or unliquidated in amount, or are

26  listed therein at a different amount than the Debtor currently believes is validly due and

**Page 25 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  owing.  Unless otherwise ordered by the Bankruptcy Court, all objections to Claims and

2  scheduled amounts (other than Administrative Expense Claims) shall be Filed and served

3  upon counsel for Debtor (if filed by a party other than Debtor) and upon the holder of the

4  Claim objected to on or before the later of (a) one hundred twenty (120) days after

5  Effective Date or (b) one hundred twenty (120) days after the date (if any) on which a

6  Proof of Claim is Filed in respect of a Rejection Claim, whichever is later.  The last day

7  for filing objections to Administrative Expense Claims shall be set pursuant to an order of

8  the Bankruptcy Court.  All Disputed Claims shall be resolved by the Bankruptcy Court,

9  except to the extent that (a) Debtor may otherwise elect consistent with the Plan and the

10  Bankruptcy Code or (b) the Bankruptcy Court may otherwise order.

## ARTICLE 5

## IMPLEMENTATION OF THE PLAN

13      5.1.  <u>Restated Articles of Incorporation</u>.  The Reorganized Debtor shall be deemed

14  to have adopted the Restated Articles of Incorporation on the Effective Date and shall

15  promptly thereafter cause the same to be filed with the Secretary of State of the State of

16  Oregon.  After the Effective Date, the Reorganized Debtor may amend the Restated Articles

17  of Incorporation and may amend its bylaws in accordance with the Restated Articles of

18  Incorporation, such bylaws and applicable state law.

19      5.2.  <u>Amended Loan Documents</u>.  Within 30 days after the Effective Date, Debtor

20  and each Secured Creditor whose Claim is impaired under the Plan shall enter into amended

21  Loan Documents, satisfactory to both Debtor and the applicable Secured Creditor, necessary

22  to implement the treatment of such Claim as set forth in the Plan.

23      5.3.  <u>Agreements with Agent</u>.  Within 30 days after the Effective Date,

24  Reorganized Debtor shall enter into an agreement with the Agent pursuant to which (a) the

25  Agent shall hold the stock of the Reorganized Debtor to secure the Interest holders' guarantee

26  that the Reorganized Debtor will pay the holders of Class 35 Claims a total of $1.5 million;

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1   (b) the Interest holders will execute an non-recourse guarantee of the Reorganized Debtor's

2   obligations to the holders of the Class 35 Claims; (c) the Interest holders will execute a

3   security agreement granting a security interest in all of Reorganized Debtor's stock to secure

4   the Interest holders' obligations under their guarantee; and (d) the Interest holders and the

5   Agent will take all steps reasonably necessary to perfect the security interest in Reorganized

6   Debtor's stock.

7          Within 30 days of the Effective Date, the Reorganized Debtor and the Agent

8   shall enter into an additional agreement pursuant to which the Agent shall agree to manage

9   an account and distribute funds to the holders of Class 35 Claims as provided in this Plan.

10         5.4.    Management of the Reorganized Debtor.  The Reorganized Debtor will be

11  managed by John McGrath, with the assistance of Jim Marshall and Dave Large.  The

12  Restaurant Management Group ("RMG") will enter into a consulting agreement with the

13  Reorganized Debtor pursuant to which RMG will advise the Reorganized Debtor regarding

14  its operations, marketing, menu, brand positioning, and related matters for at least six months

15  following the Effective Date.

16         5.5.    Distributions.  Distributions to the holders of Claims shall be made as

17  provided in Article 3 above.

18         5.6.    Retiree Benefits.  On and after the Effective Date, to the extent required by

19  Section 1129(a)(13) of the Bankruptcy Code, the Reorganized Debtor shall continue to pay

20  all retiree benefits, if any, as that term is defined in Section 1114 of the Bankruptcy Code,

21  maintained or established by the Debtor prior to the Effective Date, without prejudice to

22  Reorganized Debtor's rights under applicable non-bankruptcy law to modify, amend or

23  terminate the foregoing arrangements.

24  ///

25  ///

26  ///

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**ARTICLE 6**

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

6.1.    <u>Assumption of Executory Contracts and Unexpired Leases</u>.  Effective on and as of the Effective Date, Debtor assumes the following:

6.1.1.    The lease between *The City of Salem* and Debtor for the real property at 350 Chemeketa Street in Salem, Oregon.

6.1.2.    The ground lease between *Lancaster Development Co. LLC* and Debtor for the real property at 3805 Center Street NE in Salem, Oregon.

6.1.3.    The lease between *RPP Bend I, LLC* and Debtor for the real property at 3118 N Highway 97 in Bend, Oregon.

6.1.4.    The lease between *Pan Pacific Retail Properties (Milwaukie Marketplace)* and Debtor for the real property at 11050 SE Oak Street in Milwaukie, Oregon.

6.1.5.    The lease between *Outlot Developers, LLC* and Debtor for the real property at 1036 Valley River Way in Eugene, Oregon.

6.1.6.    The lease between *Outlot Developers, LLC* and Debtor for the real property at 350 Circle Boulevard in Corvallis, Oregon.

6.1.7.    The lease between *Sundance Development, Inc.* and Debtor for the real property at 1749 S Cole Road in Boise, Idaho.

6.1.8.    The ground lease between *Macerich South Towne LP* and Debtor for the real property at 10590 S. State Street in Sandy, Utah.

6.1.9.    The ground lease between *JT Layton Crossing North, L.C.* and Debtor (as successor to McGrath's Properties, LLC) for the real property at 908 Main Street in Layton, Utah.

6.1.10. The ground lease between *Center Developments Oreg., Ltd.* and Debtor for the real property at 3211 SW Cedar Hills Boulevard in Beaverton, Oregon.

**Page 28 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

6.1.11. The ground lease between *certain Tenant-In-Common entities affiliated with Steadfast Commons, LLC* and Debtor (as successor to McGrath's Properties, LLC) for the real property at 1911 South 320th Street in Federal Way, Washington.

6.1.12. The insurance contract between *Brokers National Life Assurance Co* and Debtor for dental insurance, effective January 1, 2010.

6.1.13. The insurance contract between *Regence BlueCross BlueShield of Oregon* and Debtor for medical insurance, effective July 1, 2009.

6.1.14. The insurance contract between *The Guardian Life Insurance Co of America* and Debtor for dental, life & ADD insurance, effective July 1, 2009.

6.1.15. The 401(k) employee benefit plan between *Great West Retirement Services* and Debtor (Plan #338252-01).

6.1.16. The deferred compensation agreement dated November 12, 1998 between *James R Marshall* as employee and Debtor as employer.

6.1.17. The insurance contract between *Liberty Northwest* and Debtor (policy number C10 163326), for business general liability, vehicle, umbrella, liquor liability, and blanket premise insurance covering the Oregon, Washington, and Idaho properties to be retained by Debtor under this Plan, as well as business umbrella insurance on the Arizona, Colorado and Utah properties to be retained by Debtor under this Plan.

6.1.18. The insurance contract between *American Economy* and Debtor (policy number 02CE209482-10), for business general liability and liquor liability insurance covering the Arizona, Colorado and Utah properties to be retained by Debtor under this Plan.

6.1.19. The insurance contract between *American States* and Debtor (policy number 01CI3381531), for vehicle insurance covering the Arizona, Colorado and Utah properties to be retained by Debtor under this Plan.

///

///

**Page 29 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1      6.1.20. The insurance contract between *Safeco Insurance Companies* and

2  Debtor (policy number 02CE209482-10), for business blanket premise insurance covering

3  the Arizona, Colorado and Utah properties to be retained by Debtor under this Plan.

4      6.1.21. The insurance contract between *Scottsdale Indemnity Company* and

5  Debtor (policy number EKI3005222), covering director & officer liability.

6      6.1.22. The insurance contract between *Carolina Casualty Insurance* and

7  Debtor (policy number 4887943), covering employment practices liability.

8      6.1.23. The insurance contract between *Liberty Northwest* and Debtor (policy

9  number WC41NC970173010), for workman's compensation insurance covering Debtor's

10 Oregon properties.

11     6.1.24. The insurance contract between *Liberty Northwest* and Debtor (policy

12 number WC41NC011362010), for workman's compensation insurance covering Debtor's

13 Idaho property.

14     6.1.25. The insurance contract between *Liberty Mutual* and Debtor (policy

15 number WC1163950925010), for workman's compensation insurance covering the Arizona,

16 Colorado and Utah properties to be retained by Debtor under this Plan.

17     6.1.26. The Master Purchase Agreement between *Enterprise Merchant*

18 *Solutions Inc.* ("EMS") and Debtor, for hardware and software maintenance services

19 provided by EMS to Debtor relating to certain computer equipment financed by Marlin

20 Leasing Corp., and located at various store locations.

21     6.1.27. The Aloha Hosted Solutions Agreement dated October 19, 2009

22 between *Radiant Systems, Inc.* and Debtor, for restaurant guard software provided to Debtor

23 relating to certain computer equipment financed by GreatAmerica Leasing Corp., and located

24 at six Oregon stores (Beaverton, Bend, Corvallis, Eugene, Milwaukie, and Salem-Lancaster).

25     6.1.28. The Product Supply Agreement(s) between *Airgas NorPac* and

26 Debtor.

**Page 30 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
        **(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1      6.1.29. The Linen and/or Uniform Rental Service Agreement(s) between

2  *ALSCO Inc.* as supplier and Debtor as customer.

3      6.1.30. The Product and Services Supply Agreement(s) between *Ecolab Inc.*

4  as supplier and Debtor as customer for required wearwashing, housekeeping, laundry and

5  other cleaning and sanitizing chemical products.

6      6.1.31. The Master Maintenance and Sales Agreements between *Ikon Office*

7  *Solutions, Inc.* and Debtor for copier maintenance and repair, as relating only to those copiers

8  retained by Debtor under this Plan.

9      6.1.32. The Music Service Agreements between *Muzak LLC* and Debtor, as

10  relating only to those properties retained by Debtor under this Plan (includes TV satellite

11  receivers / networks / etc.).

12      6.1.33. The Preferred Customer Agreement between *Pacific Seafood* and

13  Debtor.

14      6.1.34. The Master Distribution Agreement between *SYSCO Food Services of*

15  *Portland, Inc.* and Debtor.

16      6.1.35. The contracts between *ADT Security Services, Inc*. and Debtor for

17  security-related services at the following locations:  Salem corporate office (Acct

18  #108311282); Salem-Lancaster Mall (Acct #108313058); Eugene, OR (Acct #128300079);

19  Medford, OR (Acct #128301447); Boise, ID (Acct #119602633); and Vancouver, WA (Acct

20  #108311541).

21      6.1.36. The contract(s) between *American Security Alarms Inc*. and Debtor for

22  security-related services at the following locations:  Corvallis, OR; Beaverton, OR; and

23  Federal Way, WA.

24      6.1.37. The contract between *East Cascade Security Systems, fka Vyanet* and

25  Debtor for security-related services at the Bend, OR location.

26

**Page 31 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1          6.1.38. The contract between *Sound Security Inc., dba Sonitrol Pacific* and

2  Debtor for security-related services at the Milwaukie, OR location.

3          6.1.39. The contract between *Stanley Convergent Security Solutions* and

4  Debtor for security-related services at the Salem, OR downtown location.

5          6.1.40. The Equipment Finance Agreement between *Marlin Leasing Corp* and

6  Debtor for computer equipment located at various store locations to be retained by Debtor

7  under this Plan.

8          The foregoing list of Executory Contract and Unexpired Leases may be

9  amended at any time prior to the conclusion of the hearing on confirmation of the Plan.

10      6.2.    <u>Curing Defaults; Adequate Assurance of Performance</u>.  Debtor will cure

11  defaults and provide adequate assurance of future performance to the counter parties to the

12  executory contracts and unexpired leases to be assumed by Debtor.  Debtor believes that the

13  only monetary defaults are in regard to the leases for Store 3 (Bend), Store 4 (Milwaukie)

14  and Store 13 (Layton).  The defaults in regard to Store 3 and 4 will be cured within sixty (60)

15  days of the Effective Date, and the default in regard to Store 13 will be cured in installments

16  as agreed between Debtor and Store 13's landlord as described in Exhibit 7 of the Disclosure

17  Statement.  Debtor believes that the Projections attached as Exhibit 7 provide adequate

18  assurance of future performance as the Projections show that the Reorganized Debtor can

19  reasonably be expected to operate profitably and pay its expenses in a timely manner.

20      6.3.    <u>Leases and Executory Contracts Rejected</u>.  All executory contracts and

21  unexpired leases that exist as of the Effective Date between Debtor and any other entity not

22  specifically assumed above are hereby rejected.

23      6.4.    <u>Rejection Claims</u>.  Rejection Claims must be Filed no later than thirty (30)

24  days after the Effective Date.  Any such Rejection Claim not filed within such time shall be

25  forever barred from assertion against Debtor, the Reorganized Debtor, and their property and

26

**Page 32 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

estate.  Each Rejection Claim resulting from such rejection shall constitute a Class 48 Claim, or Class 49 Claim, whichever is applicable.

## ARTICLE 7

## EFFECT OF CONFIRMATION

The effect of confirmation shall be as set forth in Section 1141 of the Bankruptcy Code.  Except as otherwise expressly provided in the Plan, all persons who have held, hold or may hold Claims, or who may have held, hold or may hold any Interest, are permanently enjoined, from and after the Effective Date, from:  (a) commencing or continuing in any manner any action or other proceedings of any kind with respect to any Claims or Interests against Reorganized Debtor; (b) enforcing, attaching, collecting or recovering by any manner or any means any judgment, award, decree or order against Reorganized Debtor; (c) creating, perfecting or enforcing any encumbrances of any kind against Reorganized Debtor with respect to those Claims except as specifically described in the Plan; (d) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due to Debtor, Reorganized Debtor or their property unless asserted as a defense to a suit or action filed by Debtor or Reorganized Debtor; and (e) proceeding in any manner in any place whatsoever that does not conform to, does not comply with, or is inconsistent with the provisions of the Plan or the order confirming the Plan.

## ARTICLE 8

## MODIFICATION, REVOCATION OR WITHDRAWAL OF THE PLAN

8.1.    <u>Modification of Plan</u>.  Debtor may alter, amend or modify the Plan pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 at any time prior to the time the Bankruptcy Court has entered the Confirmation Order.  After such time, and prior to the substantial consummation of the Plan, Debtor or the Reorganized Debtor may, so long as the treatment of holders of Claims and Interest under the Plan is not adversely affected, institute proceedings in Bankruptcy Court to remedy any defect or omission or to reconcile any

**Page 33 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  inconsistencies in the Plan, Disclosure Statement or Confirmation Order, or other matters as

2  may be necessary to carry out the purposes and effects of the Plan; provided, however, that

3  prior notice of such proceedings shall be served, if necessary, in accordance with Bankruptcy

4  Rule 2002.

5        8.2.    Revocation or Withdrawal of Plan.

6             8.2.1.    Right to Revoke.  Debtor reserves the right to revoke or withdraw the

7  Plan at any time prior to the Effective Date.

8             8.2.2.    Effective of Withdrawal or Revocation.  If Debtor revokes or

9  withdraws the Plan prior to the Effective Date, the Plan shall be deemed null and void.  In

10  such event, nothing contained herein shall be deemed to constitute a waiver or release of any

11  claims by or against Debtor or any other entity, or to prejudice in any manner the rights of

12  Debtor or any other entity in any further proceedings involving Debtor.

13             8.2.3.    Nonconsensual Confirmation.  Debtor may request that the

14  Bankruptcy Court confirm the Plan pursuant to Section 1129(b) of the Bankruptcy Code if

15  the requirements of all provisions of Section 1129(a) of the Bankruptcy Code except

16  Section 1129(a)(8) are met.

17  **ARTICLE 9**

18  **RETENTION OF JURISDICTION**

19        9.1.    Retained Jurisdiction.  Notwithstanding the entry of the Confirmation Order,

20  the Court shall retain jurisdiction of this Chapter 11 Case pursuant to and for the purposes set

21  forth in Section 1127(b) of the Bankruptcy Code and

22        (a)    to classify the Claim or interest of any Creditor or equity holder,

23  reexamine Claims or Interests which have been allowed for voting purposes, and determine

24  any objections that may be Filed to Claims or Interests;

25        (b)    to hear and determine any motions or contested matters involving

26  taxes, tax refunds, tax attributes and tax benefits and similar or related matters with respect to

**Page 34 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  Debtor or its estate, arising prior to the Effective Date or relating to the period of

2  administration of the Chapter 11 Case, including, without limitation, matters concerning

3  state, local and federal taxes in accordance with Section 346, 505 and 1146 of the

4  Bankruptcy Code;

5          (c)        to determine requests for payment of Claims entitled to priority under

6  Section 507(a)(2) of the Bankruptcy Code, including compensation and reimbursement of

7  expenses in favor of professionals employed at the expense of the estate;

8          (d)        to hear and determine actions to avoid transfers or recover preferences

9  and all other Rights of Action asserted by Debtor pending on the Effective Date or asserted

10 by the Reorganized Debtor after the Effective Date;

11         (e)        to recover all assets of Debtor or the Reorganized Debtor, wherever

12 located;

13         (f)        to hear and determine any pending applications for the assumption,

14 assignment or rejection of an executory contract or an unexpired lease and the allowance of

15 Claims resulting therefrom;

16         (g)        to approve the sale or lease of property free and clear of all Liens and

17 encumbrances in accordance with 11 U.S.C. § 363 if so requested by Debtor or the

18 Reorganized Debtor;

19         (h)        to resolve controversies and disputes regarding the interpretation of

20 this Plan, including but not limited to, controversies or disputes relating to implementation of

21 the Plan;

22         (i)        to implement the provisions of this Plan and enter orders in aid of

23 execution of the Plan or to enforce the Confirmation Order and/or the discharge, or the effect

24 of the discharge, provided to Debtor;

25         (j)        to adjudicate adversary proceedings and contested matters pending or

26 hereafter commenced in this Chapter 11 Case;

**Page 35 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

(k)    to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(l)    to hear and determine any applications to modify the Plan, to cure any defect or omission, or to reconcile any inconsistency in the Plan or related documents or in any order of the Bankruptcy Court, including the Confirmation Order;

(m)    to ensure that distributions to holders of Allowed Claims are accomplished as provided herein, including, but not limited to resolving disputes regarding the calculation of Net Cash Flow;

(n)    to hear and determine any other matters related hereto and not inconsistent with Chapter 11 of the Bankruptcy Code; and

(o)    to enter a final decree closing this Chapter 11 proceeding.

9.2.    _Failure of Bankruptcy Court to Exercise Jurisdiction_.  If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, arising in, or related to the Chapter 11 Case, including the matters set forth in Section 9.1 above, this Article shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such subject matter.

# ARTICLE 10

## MISCELLANEOUS PROVISIONS

10.1.    _Revesting_.  Except as otherwise expressly provided herein, on the Effective Date, all property and assets of the estate of Debtor shall revest in the Reorganized Debtor, free and clear of all claims, Liens, encumbrances, and charges of Creditors arising on or before the Effective Date.

10.2.    _Rights of Action_.  Except as otherwise expressly provided herein, any rights or causes of action (including, without limitation, any and all Rights of Action) accruing to Debtor shall become assets of the Reorganized Debtor which may pursue such rights of

**Page 36 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1   action, as appropriate, in accordance with what it determines to be in the best interests of

2   Creditors consistent with the terms of this Plan.

3        10.3.   <u>Governing Law</u>.  Except to the extent the Bankruptcy Code, the Bankruptcy

4   Rules or other federal laws are applicable, the laws of the State of Oregon shall govern the

5   construction and implementation of the Plan, and all rights and obligations arising under the

6   Plan.

7        10.4.   <u>Withholding and Reporting Requirements</u>.  In connection with the Plan and all

8   instruments issued in connection therewith and distributions thereon, the Reorganized Debtor

9   shall comply with all withholding, reporting, certification and information requirements

10   imposed by any federal, state, local or foreign taxing authorities and all distributions

11   hereunder shall, to the extent applicable, be subject to any such withholding, reporting,

12   certification and information requirements.  Entities entitled to receive distributions

13   hereunder shall, as a condition to receiving such distributions, provide such information and

14   take such steps as the Reorganized Debtor may reasonably require to ensure compliance with

15   such withholding and reporting requirements, and to enable the Reorganized Debtor to obtain

16   the certifications and information as may be necessary or appropriate to satisfy the provisions

17   of any tax law.

18        10.5.   <u>Time</u>.  Unless otherwise specified herein, in computing any period of time

19   prescribed or allowed by the Plan, the day of the act or event from which the designated

20   period begins to run shall not be included.  The last day of the period so computed shall be

21   included, unless it is not a Business Day, in which event the period runs until the end of the

22   next succeeding day which is a Business Day.

23        10.6.   <u>Section 1146(c) Exemption</u>.  Pursuant to Section 1146(c) of the Bankruptcy

24   Code, the issuance, transfer or exchange of any security under the Plan, or the execution,

25   delivery or recording of an instrument of transfer pursuant to, in implementation of or as

26   contemplated by the Plan, or the revesting, transfer or sale of any real property of Debtor or

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  the Reorganized Debtor pursuant to, in implementation of or as contemplated by the Plan,

2  shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar

3  tax or fee.  Consistent with the foregoing, each recorder of deeds or similar official for any

4  city, county or governmental unit in which any instrument hereunder is to be recorded shall,

5  pursuant to the Confirmation Order, be ordered and directed to accept such instrument

6  without requiring the payment of any documentary stamp tax, deed stamps, transfer tax,

7  intangible tax or similar tax.

8      10.7.    Severability.  In the event that any provision of the Plan is determined to be

9  unenforceable, such determination shall not limit or affect the enforceability and operative

10  effect of any other provisions of the Plan.  To the extent that any provision of the Plan would,

11  by its inclusion in the Plan, prevent or preclude the Bankruptcy Court from entering the

12  Confirmation Order, the Bankruptcy Court, on the request of Debtor, may modify or amend

13  such provision, in whole or in part, as necessary to cure any defect or remove any

14  impediment to the confirmation of the Plan existing by reason of such provision.

15      10.8.    Binding Effect.  The provisions of the Plan shall bind Debtor, the Reorganized

16  Debtor, all Creditors, and all holders of Claims and Interests, and their respective successors,

17  heirs and assigns.

18      10.9.    Recordable Order.  The Confirmation Order shall be deemed to be in

19  recordable form, and shall be accepted by any recording officer for filing and recording

20  purposes without further or additional orders, certifications or other supporting documents.

21      10.10.    Unclaimed Cash.  Unclaimed Cash shall be deemed Available Cash, and the

22  Allowed Claim upon which the Unclaimed Cash was originally distributed shall be deemed

23  disallowed.

24      10.11.    Saturday, Sunday or Legal Holiday.  If any payment or act is required to be

25  made or performed on a date that is not a Business Day, then the making of such payment or

26

**Page 38 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  the performance of such act may be completed on the next succeeding Business Day, but

2  shall be deemed to have been completed as of the required date.

3    10.12.  <u>Utility Deposits</u>.  All utilities holding a utility deposit made during the

4  Chapter 11 Case shall immediately after the Effective Date return or refund such utility

5  deposit to Reorganized Debtor.  At the sole option of Reorganized Debtor, the Reorganized

6  Debtor may apply any utility deposit that has not been refunded to Reorganized Debtor in

7  satisfaction of any payments due or to become due from the Debtor or the Reorganized

8  Debtor to a utility holding such a utility deposit.

9    10.13.  <u>Final Order</u>.  Any requirement in the Plan for a Final Order may be waived by

10  Debtor; provided, however, that nothing contained herein shall prejudice the right of any

11  party in interest to seek a stay pending appeal with respect to such Final Order.

12    10.14.  <u>Notices</u>.  Any notice, request or demand required or permitted to be made or

13  provided to or on Debtor or the Reorganized Debtor under this Plan shall be in writing and

14  served by (a) certified mail, return receipt requested; (b) hand delivery; or (c) overnight

15  delivery, with proof of service and shall be deemed to have been duly given or made when

16  actually delivered or received by addressee, addressed as follows:  if to the Debtor or

17  Reorganized Debtor:

18        John McGrath
        McGrath's Publick Fish House, Inc.
19        1935 DavCor St. SE
        Salem, OR 97302
20  with a copy to:

21        Leon Simson
        Tonkon Torp LLP
22        888 SW Fifth Ave, Suite 1600
        Portland, OR 97204
23

24  Any party listed above may alter the address for receiving notice hereunder by filing a

25  notification of such alteration with all other parties and the Bankruptcy Court.

26

**Page 39 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

1      10.15.  <u>Plan Controls</u>.  In the event and to the extent that any provision of the Plan is

2 inconsistent with the provisions of the Disclosure Statement, or any other instrument or

3 agreement contemplated to be executed pursuant to the Plan, the provisions of the Plan shall

4 control and take precedence.

5      10.16.  <u>Effectuating Documents and Further Transactions</u>.  Debtor and the

6 Reorganized Debtor shall execute, deliver, File or record such Loan Documents, contracts,

7 instruments, assignments, and other agreements or documents, and take or direct such

8 actions, as may be necessary or appropriate to effectuate and further evidence the terms and

9 conditions of this Plan.

10      DATED this 8th day of June, 2010.

11                                    Respectfully submitted,

12

13                                    MCGRATH'S PUBLICK FISH HOUSE, INC.,

14                                    By */s/ John P. McGrath*
                                            John P. McGrath, President

15

16 Presented by:

17 TONKON TORP LLP

18 By */s/ Leon Simson*
        Leon Simson, OSB No. 75342
19      Timothy J. Conway, OSB No. 85175
        Haley B. Bjerk, OSB No. 062760
20      Attorneys for Debtor

21

22

23

24

25

26

**Page 40 of 40 - DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**
**(Dated June 8, 2010)**

# EXHIBIT 1

## to

# Debtor's First Amended Plan of Reorganization

EXHIBIT 1

Definition of Net Cash Flow

Net Cash Flow equals net sale proceeds minus each of the following: cost of goods sold, labor, operating expenses, administrative expenses, U.S. Trustee fees, and debt service payments, including both principal and interest. Depreciation, amortization and capital expenditures are <u>not</u> deducted from net sale proceeds in calculating Net Cash Flow. Further description of the components of net sale proceeds, cost of goods sold, labor, operating expenses and administrative expenses are set forth below.

## NET SALE PROCEEDS
- <u>Food</u>: restaurant food, non-alcoholic beverages (soda)
- <u>Beverage</u>: liquor, beer, wine, other
- <u>Other</u>: takeout, large parties, catering
- <u>Other income</u>: t-shirts & uniforms, retail sales to supermarkets, other

## <u>LESS</u>

## COST OF GOODS SOLD
- <u>Food</u>: cost of seafood, meat, groceries, dairy, bread, produce, food freight, non-alcoholic beverages
- <u>Beverage</u>: cost of liquor, beer, wine, bar ingredients

## LABOR
- <u>Wages</u>
- <u>Payroll Related Expenses</u>: payroll taxes, medical insurance, workman's compensation insurance, vacation pay, severance pay, employee life insurance, 401K contributions, Christmas bonus, employee gifts, employee sports, employee sales promotions and contests, employee testing, employee relocation and moving expenses

## OPERATING EXPENSES
- <u>Utilities</u>: electric, gas, water, garbage, wood/charcoal, telephone
- <u>Supplies</u>: paper, Bev Naps, to go, doggie bags, other paper products, light bulbs, glassware replacement, silverware replacement, china replacement, kitchen utensils, chemicals, oxygen/CO2, holiday decorations, office supplies, miscellaneous
- <u>Operating</u>: janitorial, cleaning service, landscaping, plants and décor, dishwasher lease, laundry and linens, aloha, IT, first aid expense, uniforms, Eco Labs, postage, internet, cable/satellite TV, music/Muzak, dues and other subscriptions, entertainment, mileage reimbursement (non-catering), miscellaneous, cash over short
- <u>Marketing</u>: survey/market research, radio, newspaper/FSI, production, direct mail, community and contributions, LSM, dining cards, phone directory, printing, miscellaneous
- <u>Repairs & Maintenance</u>: kitchen equipment, other equipment (HVAC, etc.)
- <u>Facilities & Building</u>
- <u>Licenses</u>: licenses and violation remedies

- <u>Other</u>: Shopper's Report, credit card charge back, NSF checks, collected NSF checks, paid out w/o code, storage, Start Up, credit card discounts, gift card costs, menu printing, parking & travel, shipping costs
- <u>Occupancy Expenses</u>: building insurance, real estate taxes, rent, common area expenses

**ADMINISTRATIVE EXPENSES**

- Corporate office and administrative expense allocation, insurance (P&C and auto), taxes, C.P.A & legal, other professionals, accounting costs, automobile rent, travel and restaurant inspections, managers meetings, research and development, directors meetings, depreciation expense, amortization expense, other expenses, payroll processing cost, computer expense, deposit corrections, bank charges, miscellaneous bank debits and credits, miscellaneous small item retail, expired gift certificates, cost of miscellaneous retail items

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (Dated June 8, 2010)** on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

In addition, I served the foregoing on the parties indicated as "Non-ECF" on the attached List of Interested Parties by:

☒ mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

☐ causing a copy thereof to be hand-delivered to each party at each party's last-known address on the date set forth below;

☐ sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to each party's last-known address on the date set forth below;

☐ faxing a copy thereof to each party at such party's last-known facsimile number on the date set forth below; or

☐ e-mailing a copy thereof to each party at such party's last-known e-mail address on the date set forth below.

DATED June 8, 2010.

TONKON TORP LLP

By /s/ Leon Simson
　　Leon Simson, OSB No. 75342
　　Timothy J. Conway, OSB No. 85175
　　Haley B. Bjerk, OSB No. 062760
　　Attorneys for Debtor

**Page 1 of 1** -  CERTIFICATE OF SERVICE

034434/00003/2222859v1

## LIST OF INTERESTED PARTIES

*In re: McGrath's Publick Fish House, Inc.,*
**U.S. Bankruptcy Court Case No. 10-60500-fra11**

### ECF PARTICIPANTS

- US Trustee, Eugene - USTPRegion18.EG.ECF@usdoj.gov
- HALEY B BJERK **on behalf of Debtor McGrath's Publick Fish House, Inc**.
  haley.bjerk@tonkon.com, kellie.weber@tonkon.com
- LEON SIMSON **on behalf of Debtor McGrath's Publick Fish House, Inc.**
  leon.simson@tonkon.com, laura.lindberg@tonkon.com;shannon.sullivan@tonkon.com
- DANIEL F VIDAS **on behalf of Secured Lender Arizona Business Bank**
  dvidas@dunncarney.com, sripley@dunncarney.com
- JOSEPH M VANLEUVEN **on behalf of Secured Lenders GE Capital Franchise Finance Corp AND General Electric Capital Corp** - joevanleuven@dwt.com, marciebutler@dwt.com
- CRAIG G RUSSILLO **on behalf of Secured Lender GE Commercial Finance Business Property Corporation**
  crussillo@schwabe.com, dkinonen@schwabe.com;docket@schwabe.com;bankruptcynotices@schwabe.com
- RONALD W GOSS **on behalf of Secured Lender KeyBank National Association**
  ronald_w_goss@keybank.com, joanne_aponte-morgan@keybank.com
- TANYA A DURKEE **on behalf of Secured Lender KeyBank National Association**
  durkeet@lanepowell.com, pinkleyl@lanepowell.com; docketing-PDX@lanepowell.com; barkerd@lanepowell.com
- LEE C. NUSICH **on behalf of Secured Lender KeyBank National Association**
  nusichl@lanepowell.com, barkerd@lanepowell.com;docketing-pdx@lanepowell.com
- SUZANNE C PICKGROBE **on behalf of Secured Lender Small Business Administration (SBA** –
  suzanne.pickgrobe@sba.gov, penny.williams@sba.gov
- TIM SIMMONS **on behalf of Secured Lender Small Business Administration (SBA)** –
  tim.simmons@usdoj.gov
- CHRISTOPHER G VARALLO **on behalf of Secured Lender Sterling Savings Bank**
  cgv@witherspoonkelley.com, teresae@witherspoonkelley.com
- DAVID W HERCHER **on behalf of Secured Lender U.S. Bank National Association**
  dave.hercher@millernash.com, teri.cochran@millernash.com;d.hercher@comcast.net
- WILSON C. MULHEIM **on behalf of Unsecured Creditors Committee** - ecf@mb-lawoffice.com
- KRISTEN N PATE **on behalf of Landlord/Creditor GGP Limited Partnership (Alderwood Mall LLC)**
  ggpbk@ggp.com
- SUSAN S FORD **on behalf of Creditor Pacific Seafood**
  susanf@sussmanshank.com, ecf.susan.ford@sussmanshank.com
- RONALD M TUCKER **on behalf of Creditor Simon Property Group, Inc.**
  rtucker@simon.com, cmartin@simon.com,rwoodruff@simon.com,psummers@simon.com,lgrafton@simon.com
- JASON B BINFORD **on behalf of Creditor Sysco Corporation Inc**
  jason.binford@haynesboone.com
- BARBARA LEE CALDWELL **on behalf of Creditor Maricopa County**
  blc@ashrlaw.com, jtg@ashrlaw.com
- GRUBE, JOSEPH **on behalf of Creditor Rebecca Keithley** – joe@rgbcounsel.com
- LEE TUCKER **on behalf of Creditor Rebecca Keithley** – janelle@thetuckerlawfirm.com,
  lee@thetuckerlawfirm.com
- JUDSON M. CARUSONE **on behalf of Creditor Washburn Management, LC** –
  jc@bromleynewton.com; cd@bromleynewton.com; ep@bromleynewton.com

- JOHN A. BERGE *on behalf of Landlord/Creditor Outlot Developers, LLC AND Smith & Sons Investment Co.* - berge@bljlawyers.com, jackie@bljlawyers.com
- DARWIN H. BINGHAM *on behalf of Landlord/Creditor JT Layton Crossing North, LC* dbingham@scalleyreading.net, cat@scalleyreading.net
- EDWARD H. TALMADGE *on behalf of Landlord/Creditors Kimco Realty Corp. and PKII Milwaukie MarketPlace LLC* - talmadge@fdfirm.com, angiej@fdfirm.com
- KEVIN M. NEWMAN *on behalf of Creditor Inland US Management, LLC* – knewman@menterlaw.com
- STEPHEN R. NOBACH *on behalf of Landlords/Creditors Center Developments Oreg., Ltd and Lancaster Development Company LLC* – srn@cejohn.com

## NON-ECF PARTICIPANTS

### SECURED LENDERS

SunTrust Equipment Finance & Leasing Corp
Attn Michael Ireton
300 E. Joppa Rd., Suite 700
Towson, MD 21286
Phone: 410-307-6634
Fax: 410-307-6652
E-mail: Mike.Ireton@suntrust.com

Bank of the West
Attn: Accounts Receivable
Dept LA 23083
Pasadena, CA 91185-3083
Phone: 626-564-4000
Fax: 626-564-4020

### COMMITTEE OF UNSECURED CREDITORS

Eric Severson
Northwest Mechanical
PO Box 1593
Albany, OR 97321
Ph: 541-967-7094
Fax: 541-967-7089
E-mail: Eric@NWMechanical.net
*Chairperson*

Julie Minnick Bowden
Alderwood Mall LLC
c/o GGP Limited Partnership
110 N Wacker Drive
Chicago, IL 60606
Ph: 312-960-2707
Fax: 312-442-6874
E-mail: Julie.minnick@ggp.com

Cindy Urresti
KNG Inc
2102 E Karcher Rd.
Nampa, ID 83687
Ph: 208-318-0700
Fax: 208-318-0187
E-mail: cindy.urresti@kng.com

Ed Burran
Legacy Air, Inc.
3529 E Wood Street
Phoenix, AZ 85040
Ph: 602-263-8111
Fax: 602-957-7252
E-mail: eburran@legacyair.com

### OTHER

Ivan M. Gold
Allen Matkins et al.
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Ph: 415-837-1515
Fax 415-837-1516
E-mail: igold@allenmatkins.com
*Pro Hac Vice Counsel for Alderwood Mall, LLC*

Bankruptcy Administration
IKON Financial Services
1738 Bass Road
Post Office Box 13708
Macon, GA 31208-3708

Brian D. Huben
Katten Muchin Rosenman LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Ph: 310-788-4771
Fax: 310-712-8254
E-mail: brian.huben@kattenlaw.com
*Pro Hac Vice Counsel for The Macerich Company*

Duane M. Swinton
422 Riverside Avenue, Suite 1100
Spokane, WA 99201
Ph: 509-624-5265
Fax: 509-458-2728
E-mail: dms@witherspoonkelley.com
*Pro Hac Vice Counsel for Sterling Savings Bank*

Richer & Overholt PC
David W Overholt, Atty for SYSCO
c/o Andalin Bachman
901 West Baxter Drive
South Jordan, UT 84095
Ph: 801-561-4750
Fax: 801-561-4744

M. Douglas Flahaut
Arent Fox, LLP
48th Floor
555 West Fifth Street
Los Angeles, CA  90013
Ph: 213-629-7400
Fax: 213-629-7401
E-mail: flahaut.douglas@arentfox.com
 *Pro Hac Vice Counsel for*
 *The Official Committee of Unsecured*
 *Creditors*

Mette H. Kurth
Arent Fox, LLP
48th Floor
555 West Fifth Street
Los Angeles, CA  90013
Ph: 213-629-7400
Fax: 213-629-7401
E-mail: kurth.mette@arentfox.com
 *Pro Hac Vice Counsel for*
 *The Official Committee of Unsecured*
 *Creditors*