UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 10-60500-fra11 |
| McGRATH'S PUBLICK FISH HOUSE, INC., ) | |
| ) | MEMORANDUM OPINION[1] |
| Debtor. ) | |

A class of former employees, certified in a California state court proceeding, have filed a claim for $185,496 [Claim #68]. The claimants assert that the entire claim is entitled to priority under Code §507(a)(4). McGrath's Publick Fish House, Inc, the Reorganized Debtor,[2] has objected to the claim to the extent it asserts any priority. The matter was heard on January 4, 2011; claimants were represented by their attorney, Jason A. Pollock, and McGrath's by its attorney, Haley Bjerk. Because I find the claim does not fall within the scope of § 507(a)(4), I sustain the objection.

I. BACKGROUND

Prior to August, 2007, McGrath's operated seafood restaurants in several western states, including its only facility in California, located in the city of Arcadia. The Arcadia restaurant was closed on August 31, 2007. From that time to the present day, McGrath's continues to run other restaurants in other locations throughout the far west. All of the restaurants now in operation are owned and operated directly by McGrath's. (See McGrath's Disclosure Statement, Docket #173).

---

[1]This memorandum is not intended for publication.

[2]McGrath's Plan of Reorganization was confirmed on November 15, 2010 [Docket #628].

Page 1 - MEMORANDUM OPINION

After the Arcadia restaurant closed, former employees instituted a class action against McGrath's, claiming violations of California statutes regulating working conditions for restaurant employees.[3] Negotiations ensued, and the parties reached an agreement to settle the dispute. The terms of the settlement included a mutual release of claims, and payment, over time, of $400,000 by McGrath's to the claimants' claims administrator. The administrator is required to pay certain administrative expenses, and then divide the remaining money received between the claimants and their attorneys. The settlement was approved by the Superior Court by order dated July 10, 2008. McGrath's filed for relief under Chapter 11 of the Bankruptcy Code on February 10, 2010. The claim filed in this Court represents the balance due after deducting payments made before this case was commenced.

## II. DISCUSSION

The issue is whether the claim qualifies for priority status under Code § 507(a)(4), which extends priority over general claims to unsecured claims up to $10,950 (per claimant) for

> each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtors' business, whichever occurs first, for–
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual....

The claims made in the class action are all attributable to earnings accruing more than 180 days prior to the commencement of this case. Claimants assert that the closure of the Arcadia restaurant – the only one subject to California law – qualified as a "cessation of the debtor's business," at least in California, and that the earlier period specified in the statute should be applied to wages earned by employees of the Arcadia restaurant, and to the settlement based on those wage claims.

The Bankruptcy Appellate Panel for the Ninth Circuit has held "for the purposes of § 507(a)(3) [now (a)(4)], if a debtor operated more than one business, 'the debtor's business' refers to all of the debtor's various business operations in aggregate." *In re Rau*, 113 B.R. 619, 622 (9th Cir. BAP 1990). The holding in *Rau* was characterized by the BAP in a later case as stating that "a debtor does not cease doing business

---

[3]From page 1 of the complaint, Ex. A herein: "Each of the class members has been the victim of wage, hour, overtime and pay violations by defendants...."

Page 2 - MEMORANDUM OPINION

under section 507(a)[4] until all of its businesses cease operations." *In re Elsinore Corporation*, 228 B.R. 731, 733 (9th Cir. BAP 1998). In *Rau* and *Elsinore Corporation*, the debtor was a complex business with one or more divisions or subsidiaries. *Rau* involved a mining company which also operated a restaurant. After the mine closed, the restaurant continued to operate. *Elsinore Corporation* involved a holding company whose holdings included a casino in Atlantic City. The holding company continued to operate after the closure of the Atlantic City casino. In each case the BAP held that the cessation of business provision of § 507(a)(4) could not be applied to claims of employees of the closed operations, since the debtors had not ceased doing business altogether within 90 days (the applicable time period at the time the cases arose) of the time the wage claims accrued.

The facts here are more straightforward than those in *Rau* and *Elsinore*. McGrath's is a single entity, operating several restaurants. The closure of one restaurant out of many does not constitute a "cessation of debtor's business." McGrath's business was still in operation on the date the petition was filed. It follows that priority claims under § 507(a)(4) are limited to claims arising after August 7, 2009. These are not circumstances that invite departure from the approach taken by the BAP in *Rau* and *Elsinore Corporation.*

Given the foregoing, and the fact that Debtor's objection is limited to the claim of priority, I need not address the Debtor's argument that the claim does not arise out of wages earned by the class members. The claim will be allowed as a general unsecured claim in the amount of $185,496. Although the claim was filed by the claimant's attorney, payment should be made to CPT Group, Inc., the claims administrator designated by the Superior Court.

This memorandum constitutes the Court's findings of fact and conclusions of law. Counsel for the Debtor shall submit a form or order consistent with this memorandum.

FRANK R. ALLEY, III
Chief Bankruptcy Judge